Robert A. Magnanini (Bar No. 70630)
Jason C. Spiro (*pro hac vice* pending)
Stone & Magnanini LLP
150 John F Kennedy Parkway, 4th Floor
Short Hills, NJ 07078
Tel: (973) 218-1111
Fax: (973) 218-1106
*Attorneys for Plaintiffs*
*Timothy Spinner and Brian Sirhal*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TIMOTHY SPINNER and<br>BRIAN SIRHAL,<br><br>Plaintiffs,<br><br>v.<br><br>TACO FELIZ, LLC and<br>RENE HERNANDEZ ZEPEDA,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## <u>VERIFIED COMPLAINT</u>

Plaintiffs Timothy Spinner and Brian Sirhal, d/b/a Feliz Restaurants LLC (hereinafter "Feliz Restaurants"), as and for their Complaint against Taco Feliz, LLC ("Taco Feliz") and Rene Hernandez Zepeda ("Defendants"), through their attorneys, state the following:

## <u>NATURE OF THE ACTION</u>

1.     This is an action seeking temporary restraints, preliminary and permanent injunctive relief, and damages against Defendants for their infringement of Feliz Restaurants' trademarks and

1

their passing off of Taco Feliz restaurant as one of the highly acclaimed Feliz Restaurants. Specifically, Feliz Restaurants brings this action for: (1) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark infringement under the common law of the Commonwealth of Pennsylvania; and (3) unfair competition under the common law of the Commonwealth of Pennsylvania.

2.      Feliz Restaurants is a group of award-winning, contemporary Mexican restaurants co-owned by Chef Timothy Spinner and Brian Sirhal, including Cantina Feliz in Fort Washington, PA, La Calaca Feliz in the Fairmont section of Philadelphia, PA, and the new Taqueria Feliz in the Manayunk section of Philadelphia, PA.

3.      Feliz Restaurants is a notable success story.  Chef Tim Spinner and Brian Sirhal, both alumni of Iron Chef Jose Garces' restaurant group, launched their own critically and financially successful restaurant Cantina Feliz in January 2011.  Based on Cantina Feliz's enormous success, Feliz Restaurants opened La Calaca Feliz in January 2012, generating even greater critical and financial success for the Feliz Team.  Together, the Feliz Restaurants have made "Feliz" a well-known brand of innovative Mexican cuisine, particularly in the greater Philadelphia, PA area.

4.      Notably, esteemed Philadelphia Inquirer restaurant critic Craig LaBan described Chef Spinner as a "bright young chef," who has "shed the label of Garces Alum" to "stake his claim as the city's most exciting modern Mexican chef."  Among their numerous honors, Philadelphia Magazine named Cantina Feliz the "Best Suburban Mexican" restaurant in 2012 and Main Line Today Magazine named La Calaca Feliz its "Readers Pick" for "Best New Restaurant 2012."  Zagat listed both Cantina Feliz and La Calaca Feliz among the "Top 10 Hottest New Restaurants in Philadelphia" in consecutive years.  The Philadelphia Inquirer named both restaurants in their "20 Hottest

Restaurants in Philadelphia."

5.      Building on this success, in October 2012, Feliz Restaurants announced the opening of Taqueria Feliz, a casual, contemporary Taqueria, in the Manayunk section of Philadelphia. Since the announcement, the Feliz Team has received significant press and excited responses from the Philadelphia community about the opening of the Taqueria Feliz restaurant.

6.      Through Feliz Restaurants' continuous use of the Feliz brand in commerce to market and promote Feliz restaurant and catering services, Feliz Restaurants has established goodwill and ownership rights in a FELIZ family of trademarks in connection with Mexican restaurants. These marks include: CANTINA FELIZ, LA CALACA FELIZ, TAQUERIA FELIZ, FELIZ RESTAURANTS, FELIZ CATERING, and LA FAMILIA DE FELIZ.

7.      With full knowledge of the Feliz brand and the widely announced opening of the Taqueria Feliz restaurant, Defendant Rene Hernandez Zepeda, the proprietor of La Villa Mexican Grille in Skippack, PA, filed for a business registration under the name Taco Feliz LLC in January 2013. Prior to that date, there is no record or reference to Mr. Hernandez Zepeda's use of "Feliz" in connection with a Mexican restaurant.

8.      On Saturday, May 4, 2013, Feliz Restaurants learned that Mr. Hernandez Zepeda had installed a Taco Feliz sign on his new restaurant space in Ambler, PA. This location is less than 2 miles from Cantina Feliz, less than 12 miles from the new Taqueria Feliz, and less than 18 miles from La Calaca Feliz.

9.      The likelihood of confusion is unmistakable. By marketing a Mexican restaurant using the Taco Feliz designation in the same market as the Feliz Restaurants, consumers are likely to purchase meals at Taco Feliz believing it to be one of the critically acclaimed Feliz Restaurants.

3

Further, Defendants' use of Taco Feliz creates the false impression that Feliz Restaurants is a source or sponsor of Taco Feliz and/or that Taco Feliz is in some way affiliated with Feliz Restaurants.

10.     Defendants' conduct is knowing, intentional, and egregious.  Given that Defendants are participants in the Philadelphia restaurant industry, the Taco Feliz site is within 2 miles of Cantina Feliz, and Mr. Hernandez Zepeda owns a residence within 2 miles of Cantina Feliz, Defendants are certainly aware of the Feliz brand.  Further, given the press attention for Taqueria Feliz, Defendants must be aware of the excitement surrounding the opening of Taqueria Feliz.

11.     Thus, when Mr. Hernandez Zepeda registered for his Taco Feliz business, three months after the announcement of Taqueria Feliz, he undoubtedly did so for the purpose of passing off Taco Feliz as one of the critically acclaimed Feliz Restaurants.

12.     Feliz Restaurants is being irreparably harmed by Defendants' deceptive business practices.  Defendants' Taco Feliz restaurant will be inextricably connected to the Feliz Restaurants, particularly because Defendants placed their Taco Feliz restaurant within 2 miles of Cantina Feliz, 12 miles of Taqueria Feliz, and 18 miles of La Calaca Feliz.

13.     Indeed, on May 8, 2013, Philly.com wrote an article observing the potential for confusion between the new Taco Feliz restaurant and the existing Cantina Feliz restaurant, and posing the question: "what do you make of a taqueria under construction at 9 N. Main St. in downtown Ambler - less than two miles from Cantina Feliz - with the name Taco Feliz? ¿Mucha confusión?"

14.     Without injunctive relief, in addition to lost sales, Feliz Restaurants will be irreparably harmed through the loss of its ability to control its marks, and the loss of goodwill and reputation in its restaurants.

4

## THE PARTIES

15.     Timothy Spinner is a chef and co-owner of Feliz Restaurants. He works and resides in Pennsylvania, in the greater Philadelphia, PA area.

16.     Brian Sirhal is a manager and co-owner of Feliz Restaurants. He works and resides in Pennsylvania, in the greater Philadelphia, PA area.

17.     Feliz Restaurants is a highly acclaimed group of restaurants owned and operated by Chef Timothy Spinner and Brian Sirhal.  These restaurants include Cantina Feliz in Fort Washington, PA, La Calaca Feliz in the Fairmont section of Philadelphia, PA, and the new Taqueria Feliz in the Manayunk section of Philadelphia, PA.  Feliz Restaurants also offers Feliz Catering services throughout Pennsylvania and New Jersey, providing customizable restaurant offerings from Cantina Feliz, La Calaca Feliz, and Taqueria Feliz.

18.     Taco Feliz LLC is incorporated in Pennsylvania, with its principal place of business in Ambler, PA. Taco Feliz is a Mexican restaurant owned by Rene Hernandez Zepeda.

19.     Rene Hernandez Zepeda is the owner and proprietor of Taco Feliz LLC.  Mr. Hernandez Zepeda owns a residence in Ambler, PA. He is also the owner of La Villa Mexican Grille in Skippack, PA.

## JURISDICTION AND VENUE

20.     This Court has federal question jurisdiction because this action arises out of violations of federal law pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

21.     This Court has supplemental jurisdiction over Feliz Restaurants' causes of action under Pennsylvania law pursuant to 28 U.S.C. § 1367.

22.     The Defendants are present in the Commonwealth of Pennsylvania. This Court has

5

personal jurisdiction over Taco Feliz LLC because, at a minimum, its corporate headquarters is located in Ambler, PA. This Court has personal jurisdiction over Mr. Hernandez Zepeda because, at a minimum, he works and owns a residence in Pennsylvania.

23.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

**A. Feliz Restaurants Has Built a Group of Critically Acclaimed and Successful Mexican Restaurants**

24.     The growth of Feliz Restaurants is a notable restaurant industry success story. Chef Timothy Spinner spent over seven years refining his approach to Mexican cuisine as chef de cuisine for Iron Chef Jose Garces at his acclaimed Amada and Distrito restaurants. Brian Sirhal managed the front of the house and the beverage program at Distrito.

25.     They both craved the opportunity to build their own restaurant business, and, in August 2010, Chef Spinner and Brian Sirhal announced they were breaking off from the Garces Restaurant Group and opening a new Mexican restaurant called Cantina Feliz in Fort Washington, PA.

26.     The Philadelphia community was immediately excited about the Feliz Team's new restaurant. Cantina Feliz received significant attention from the press, including the following articles announcing the opening of Cantina Feliz:

    a.     Klein, Michael, "A Garces chef opening his own restaurant," The Insider, Philly.com (Aug. 13, 2010);

    b.     Keefe, Collin, "Spinner Spins His Own Mexican Restaurant Out of Distrito," Grub Street (Aug. 16, 2010); and

    c.     "Iron Chef Garces' Former Student to Open Cantina Feliz," PR Newswire (Oct. 19, 2010).

27.     The Feliz Team opened Cantina Feliz in January 2011, and it was an immediate critical success.  Philadelphia Magazine named Cantina Feliz the "Best Suburban Mexican" restaurant in 2012,  Zagat listed Cantina Feliz as one of the "Top 10 Hottest New Restaurants in Philadelphia," and the Philadelphia Inquirer named Cantina Feliz one of the "20 Hottest Restaurants in Philadelphia."  Philadelphia Magazine named Chef Spinner's Ceviche Verde the best ceviche in Philadelphia.

28.     Based on Cantina Feliz's success, Feliz Restaurants announced plans to open a second "Feliz" branded restaurant in Philadelphia called La Calaca Feliz.  The Philadelphia community and press again took notice of the Feliz Restaurants:

   a.   Mancinelli, Lou, "La Calaca Feliz Takes Over Illuminaire Space in Fairmount," Foobooz.com (Sept. 16, 2011);

   b.   Lazor, Drew, "La Calaca Feliz to debut in early 2012," Philadelphia City Paper (Oct. 10, 2011); and

   c.   "La Calaca Feliz to Open in Fairmount This Month," Zagat (Jan. 5, 2012).

29.     Within one year of opening Cantina Feliz, Feliz Restaurants opened La Calaca Feliz in the Fairmont section of Philadelphia

30.     La Calaca Feliz's awards and accolades surpassed even Cantina Feliz.  Main Line Today Magazine named La Calaca Feliz its "Readers Pick" for "Best New Restaurant 2012."  As with Cantina Feliz, Zagat listed La Calaca Feliz as one of the "Top 10 Hottest New Restaurants in Philadelphia," and the Philadelphia Inquirer named La Calaca Feliz as on of the "20 Hottest Restaurants in Philadelphia."

31.     Further, renowned restaurant critic Craig LaBan gave La Calaca Feliz a 3-Bell review,

7

proclaiming that "La Calaca has helped push the dial forward a few more clicks on the evolution of contemporary Mexican cooking in this town." Mr. LaBan gave further praise to Chef Spinner: "Feliz followers will note ...sign[s] of a chef who's found his own voice, and even a few greatest hits. As the city crowd gets to rediscover this notable young talent once again, now well out from his mentor's shadow, the spotlight should only grow brighter."

32.     Feliz Restaurants has also generated a sterling reputation for its beverage service. Notably, Mr. Laban described Feliz Restaurants' "fresh, well balanced margaritas" as "the best," especially the premium "La Bestia." Philly Magazine called La Calaca Feliz's "Chiquita Margarita," "one delicious, mostly guilt-free drink."

33.     With the positive publicity from their first two restaurants, Feliz Restaurants built a demand for delivering their restaurant offerings to special events at residences, offices and recreational settings. Feliz Restaurants developed a successful Feliz Catering business, throughout Pennsylvania and New Jersey, offering customizable menu selections from Cantina Feliz, La Calaca Feliz, and now Taqueria Feliz.

34.     As a result of these activities, Feliz Restaurants has generated tremendous recognition and goodwill in the Feliz brand. The Eater Philadelphia described the phenomena of "[t]he Tim Spinner and Brian Sirhal empire" as "one of the feel-good food stories of the last few years. . . . They found success in the burbs with their debut restaurant Cantina Feliz, and then scored a huge critical and commercial homerun with La Calaca Feliz in Fairmount."

B. **Feliz Restaurants' Marketing of the Feliz Brand**

35.     In order build its brand, Feliz Restaurants markets Feliz restaurant and catering services through a number of different media, including:

    a.  Feliz websites such as lacalacafeliz.com, cantinafeliz.com, and taqueriafeliz.com;

    b.  Feliz Facebook pages such as www.facebook.com/cantinafeliz, www.facebook.com/lacalacafeliz, and https://www.facebook.com/TaqueriaFeliz;

    c.  Feliz print advertisements, including a Feliz Restaurants print advertisement for Philadelphia Beer Week in June 2012;

    d.  Feliz t-shirts offered  through La Calaca Feliz's website and at the restaurant.

    e.  Feliz Restaurants' participation in restaurant weeks, including Cantina Feliz's participation in the Ambler, PA restaurant week in May 2012; and

    f.  Feliz Restaurants' promotional tasting menus for special events such as Feliz Restaurants' annual Passover Feliz and Dia de los Muertos Tasting Menus;

36.     Feliz Restaurants also receives national and regional brand recognition through magazine and news article features and interviews. Restaurant Hospitality Magazine featured Feliz Restaurants on its cover for the story, "Mod Mex Hits the Burbs," (Aug. 1, 2011), and interviewed Feliz Restaurants for a second article, "Small Restaurant Operators Expanding Despite the Odds" (Dec. 12, 2012). Feliz Restaurants participated in additional interviews for at least two articles in Nation's Restaurant News.

37.     Chef Tim Spinner and Brian Sirhal have also generated attention for Feliz Restaurants by appearing on numerous television broadcasts, including segments on NBC 10 Philadelphia's "10 Show," as well as FOX 29's "Good Day Philadelphia."

38.     Chef Tim Spinner has also brought Feliz Restaurants' cuisine to consumers on a national scale through his participation in special events and award receptions, including Feliz

Restaurants' participation in a Day of the Dead Dinner event at the James Beard House in New York City. The Philadelphia 76ers also featured Chef Spinner as the guest chef at the Wells Fargo Center, where he treated the guests, including Food Network's Guy Fieri, to Cantina Feliz's roasted suckling pig.

39.    By virtue of Feliz Restaurants' continuous use and marketing of the Feliz marks, Feliz Restaurants has acquired and possesses significant goodwill and trademark rights in the Feliz brand of Mexican cuisine. Further, Feliz Restaurants has developed substantial consumer recognition as the source of high quality Mexican cuisine through their restaurant and catering services.

40.    Feliz Restaurants' brand recognition is particularly strong in the greater Philadelphia area, including Pennsylvania, New Jersey, and Delaware, where Feliz Restaurants is the only Feliz brand for Mexican restaurants and catering services. Feliz Restaurants are featured as a destination restaurant on such websites as VisitPhilly.com.

C. **Feliz Restaurants' Trademark Rights and Enforcement**

41.    Feliz Restaurants spends time and resources to develop a FELIZ family of marks that consumers will associate with the Feliz brand of Mexican cuisine, including: CANTINA FELIZ, LA CALACA FELIZ, TAQUERIA FELIZ, FELIZ RESTAURANTS, FELIZ CATERING, and LA FAMILIA DE FELIZ.

42.    Feliz Restaurants uses the Feliz mark in connection with all of its restaurant and catering services.

43.    Further, Feliz Restaurants protects and enforces its intellectual property rights in the Feliz brand.

44.    Feliz Restaurants has pending applications for federal trademark registrations in the

10

following marks, attached as Ex. A:

     a.   CANTINA FELIZ (Standard Character) (85928957)

     b.   LA CALACA FELIZ (Standard Character) (85928966)

     c.   TAQUERIA FELIZ (Standard Character) (85928991)

     d.   FELIZ RESTAURANTS (Standard Character) (85928977)

45.     Further, when Feliz Restaurants becomes aware of an infringing use of a Feliz mark, it enforces its intellectual property rights, including by sending cease and desist letters to the infringing party.

**D.  Feliz Restaurants Announces their Plans to Open Taqueria Feliz**

46.     In the Fall of 2012, building on their success, Feliz Restaurants announced the opening of Taqueria Feliz, a Mexican Taqueria in the Manayunk section of Philadelphia.

47.     The Philadelphia community and the press were excited about the new Feliz Restaurant opening, as shown by the following press articles:

     a.   Klein, Michael, "Numero Tres for the Feliz Duo," The Insider, Philly.com ("What an incredible two years for Tim Spinner and Brian Sirhal.") (Oct. 2, 2012);

     b.   "Get Happy Manayunk, Taqueria Feliz Is Coming," Foobooz.com (Oct. 2, 2012);

     c.   "Team Feliz Coming to Main Street Manayunk," Grub Street (Oct. 3, 2012);

     d.   "Tim Spinner Opening Third Restaurant in Manayunk," Eater Philadelphia (Oct. 3, 2012) ("Tim Spinner and Brian Sirhal are opening a third restaurant called Taqueria Feliz"); and

     e.   Ceccarelli, Beth, "Taqueria Feliz Comes to Manayunk in 2013," Main Line Today (Oct. 15, 2012).

48.     The press stories make clear that the Philadelphia community is looking forward to the "Feliz Team" bringing its brand of innovative Mexican cuisine to the Manayunk section of

Philadelphia.

49.     Throughout 2012 and 2103, the press continued to report to consumers about the restaurant's highly anticipated opening:

    a.  Klein, Michael, "2013 Philly restaurant Forecast," Philly.com (Dec. 25, 2012);

    b.  Lucio Palazzo to Head Taqueria Feliz in Manayunk," Grub Street (March 21, 2013); and

    c.  Lazor, Drew, "The Ten: Anticipated Spring Openings," City Eats, The Plate (April, 26, 2013);

50.     In anticipation of Feliz Restaurants' opening of Taqueria Feliz, Feliz Restaurants developed a Taqueria Feliz menu, and now offers Taqueria Feliz menu items through Feliz Catering.

E.  **Defendants are Intentionally Passing Off their Taco Feliz Restaurant as a Feliz Restaurant**

51.     Defendant Mr. Hernandez Zepeda, the proprietor of La Villa Mexican Grille, is undoubtedly aware of the Feliz Restaurants and their associated goodwill.

52.     Mr. Hernandez Zepeda owns a residence in Ambler, PA, less than 2 miles from Cantina Feliz, and his Mexican restaurant La Villa Mexican Grille is located within 15 miles of Cantina Feliz.

53.     Mr. Hernandez Zepeda should have been aware of Feliz Restaurants because, as detailed above, the Feliz Restaurants have received significant press attention and critical acclaim, particularly in the Philadelphia area.

54.     Defendant Mr. Hernandez Zepeda should also have been aware of the Feliz Restaurants because of their significant marketing efforts, including in Ambler, PA. Notably, in May 2012, Cantina Feliz participated in the Ambler, PA restaurant week, and, in June 2012, the Ambler

Patch interviewed Cantina Feliz for a restaurant feature.  Cantina Feliz has also promoted itself on the cover of Shopping Spree Magazine distributed throughout Ambler, PA, and the greater Philadelphia area.

55.     Further, when Mr. Hernandez Zepeda decided to open a Mexican restaurant in Ambler, PA, basic due diligence would have revealed the existence of Cantina Feliz (2 miles), Taqueria Feliz (12 miles), and La Calaca Feliz (18 miles).  Even more troubling, simple industry awareness would have revealed the significant buzz surrounding Taqueria Feliz beginning in October 2012.

56.     With this knowledge, in January 2013 (3 months after the announcement of Taqueria Feliz's opening), Mr. Hernandez Zepeda registered for the business Taco Feliz LLC and began plans to open a Taco Feliz restaurant in Ambler, PA.

57.     In recent months, Mr. Hernandez Zepeda posted a Taco Feliz sign in the window of his Ambler, PA restaurant and posted signs requesting employment applications.  Further, the Ambler Patch published a post about the opening of Defendants' new Taco Feliz restaurant.

58.     Feliz Restaurants learned about Taco Feliz's business activities on Saturday May 4, 2013, and on Monday May 6, 2013, Feliz Restaurants immediately responded by sending Mr. Hernandez Zepeda and Taco Feliz LLC a cease and desist letter demanding that Mr. Hernandez Zepeda cease his use of Taco Feliz in connection with his Mexican restaurant.

59.     Mr. Hernandez Zepeda received the cease and desist letter at his residence and business address on Tuesday May 7, 2013; however, Defendants have not responded to that letter to date.  Defendants are continuing to promote their restaurant as "Taco Feliz."  The Taco Feliz sign still appears on their restaurant window.

60.     One day after Defendants received the cease and desist letter, on May 8, 2013, Michael Klein of Philly.com published an article asking the question, "what do you make of a taqueria under construction at 9 N. Main St. in downtown Ambler - less than two miles from Cantina Feliz - with the name Taco Feliz? ¿Mucha confusión?"

61.     As reported by Mr. Klein, Mr. Hernandez Zepeda stated that Taco Feliz would still open in three or four weeks under the Taco Feliz name.  Thus, Mr. Hernandez Zepeda has not only ignored Feliz Restaurants' cease and desist letter, but Defendants have now announced an opening date for Taco Feliz that tracks the scheduled opening date for Taqueria Feliz.

62.     Defendants are apparently opening  Taco Feliz for the purpose of creating confusion with Taqueria Feliz, and passing off their Taco Feliz restaurant as one of the highly acclaimed Feliz Restaurants.

63.     By willfully passing off Taco Feliz as a Feliz Restaurant, Defendant Mr. Hernandez Zepeda will generate immediate revenue for his restaurant by trading upon the substantial goodwill and reputation that Feliz Restaurants has developed and acquired in connection with the Feliz trademarks and brand name.

F.   **Feliz Restaurants Brings this Action to Prevent Irreparable Harm to its Reputation and Goodwill in the Feliz Brand**

64.     Feliz Restaurants brings this action for immediate relief because Defendants ignored Feliz Restaurants' rights when they used the name Taco Feliz in connection with their restaurant in Ambler, PA, and Defendants flagrantly ignored Feliz Restaurants' cease and desist letter, including by their statements to the press.

65.     Defendants' use of the Taco Feliz designation, in the same marketplace as the Feliz

14

Restaurants -- Taqueria Feliz, Cantina Feliz, and La Calaca Feliz -- is likely to cause confusion about the source, sponsorship, or affiliation of the Taco Feliz restaurant.

66.     Feliz Restaurants is committed to protecting its goodwill and trademark rights in its Feliz brand.  It is particularly concerned about being associated with an inferior restaurant.  For example, Mr. Hernandez Zepeda's La Villa Mexican Grille has received a below-average rating of 2.5 stars according to Yelp.  There is a substantial risk that consumers who have an inferior meal at Taco Feliz, or read a poor review, will associate that experience with Feliz Restaurants and Chef Tim Spinner.

67.     Accordingly, by this action, Feliz Restaurants seeks for Defendants to cease their use of the Taco Feliz name to avoid potential confusion with Taqueria Feliz, Cantina Feliz, and La Calaca Feliz.

## COUNT I
### False Designation of Origin
### 15 U.S.C. § 1125(a)(1)(A)

68.     Feliz Restaurants incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

69.     Defendants' use of the Taco Feliz designation in interstate commerce, in connection with their marketing and promotion of the infringing Taco Feliz restaurant is likely to cause confusion, or to cause mistake, as to the origin or sponsorship of the goods in violation of 15 U.S.C. § 1125(a).

70.     Feliz Restaurants has invested substantial time, effort, resources and money into its Feliz trademarks, and has thereby developed and acquired significant consumer recognition as the

15

source of Feliz branded Mexican restaurants, as well as substantial goodwill and business reputation in relation to the use of the Feliz trademarks in connection with Mexican restaurants.

71.     Defendants' use of the Taco Feliz designation is likely to cause consumer confusion because of the similarity of the Taco Feliz designation to the well-known Feliz marks, including Cantina Feliz, La Calaca Feliz, Taqueria Feliz, and Feliz Restaurants.

72.     Defendants' use of the Taco Feliz designation is particularly confusing because Defendants' Taco Feliz Mexican restaurant is based in the Philadelphia area, within 2 miles of Cantina Feliz, 12 miles of Taqueria Feliz, and 18 miles of La Calaca Feliz.

73.     Defendants' use of the confusing Taco Feliz designation is willful and intended to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' Taco Feliz restaurant.  Consumers are likely to wrongly believe that Feliz Restaurants is the source of Defendants' Taco Feliz restaurant, Defendants' Taco Feliz restaurant is sponsored, approved or licensed by Feliz Restaurants, and/or Defendants are in some way affiliated with Feliz Restaurants.

74.     Feliz Restaurants is being irreparably harmed by such acts, including through its loss of the ability to control its trademarks, reputation and goodwill, loss of goodwill and reputation with consumers, and through association with an inferior restaurant.  Such harm will continue unless Defendants' acts are enjoined.

75.     Feliz Restaurants has no adequate remedy at law, and is entitled to injunctive relief.

76.     As a result of Defendants' actions, Feliz Restaurants will suffer lost sales and money damages in an amount to be determined at trial as a result of, *inter alia*, Feliz Restaurants' loss of customers who are confused by the Taco Feliz designation.

16

## COUNT II
### Common Law Trademark Infringement
### Under Pennsylvania Law

77.     Feliz Restaurants incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

78.     Defendants' acts and conduct complained of herein constitute trademark infringement in violation of Pennsylvania common law.

79.     Feliz Restaurants has invested substantial time, effort, resources and money into its Feliz trademarks, and has thereby developed and acquired significant consumer recognition as the source of Feliz branded Mexican restaurants, as well as substantial goodwill and business reputation in relation to the use of the Feliz trademarks in connection with Mexican restaurants in the Commonwealth of Pennsylvania.

80.     Defendants' use of the Taco Feliz mark infringes Feliz Restaurants' sole and exclusive rights in and to the Feliz trademarks.

81.     Defendants offer to sell, advertise, market, and promote their Mexican restaurant under the Taco Feliz designation in commerce.

82.     Defendants' use of the Taco Feliz designation is likely to cause consumer confusion because of the similarity of the Taco Feliz designation to the well-known Feliz marks, including Cantina Feliz, La Calaca Feliz, Taqueria Feliz, and Feliz Restaurants.

83.     Defendants' use of the Taco Feliz designation is particularly confusing because Defendants' Taco Feliz Mexican restaurant is based in the Philadelphia area, within 2 miles of Cantina Feliz, 12 miles of Taqueria Feliz, and 18 miles of La Calaca Feliz.

84.    Defendants' use of the confusing Taco Feliz designation is willful and intended to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' Taco Feliz restaurant.  Consumers are likely to wrongly believe that Feliz Restaurants is the source of Defendants' Taco Feliz restaurant, Defendants' Taco Feliz restaurant is sponsored, approved or licensed by Feliz Restaurants, and/or Defendants are in some way affiliated with Feliz Restaurants.

85.    Feliz Restaurants is being irreparably harmed by such acts, including through its loss of the ability to control its trademarks, reputation and goodwill, loss of goodwill and reputation with consumers, and through association with an inferior restaurant.  Such harm will continue unless Defendants' acts are enjoined.

86.    Feliz Restaurants has no adequate remedy at law, and is entitled to injunctive relief.

87.    As a result of Defendants' actions, Feliz Restaurants will suffer lost sales and money damages in an amount to be determined at trial as a result of, *inter alia*, Feliz Restaurants' loss of customers who are confused by the Taco Feliz designation.

## COUNT III
### Common Law Unfair Competition
### Under Pennsylvania Law

88.    Feliz Restaurants incorporates the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

89.    By using the Taco Feliz designation in commerce, in connection with the marketing and promotion of their Mexican restaurant, Defendants are passing off their Taco Feliz restaurant as one of the highly acclaimed Feliz Restaurants in violation of Pennsylvania common law.

90.    Feliz Restaurants has invested substantial time, effort, resources and money into its Feliz trademarks, and has thereby developed and acquired significant consumer recognition as the

18

source of Feliz branded Mexican restaurants, as well as substantial goodwill and business reputation in relation to the use of the Feliz trademarks in connection with Mexican restaurants in the Commonwealth of Pennsylvania.

91.    Defendants' use of the Taco Feliz designation is likely to cause consumer confusion because of the similarity of Taco Feliz designation to the well-known Feliz marks, including Cantina Feliz, La Calaca Feliz, Taqueria Feliz, and Feliz Restaurants.

92.    Defendants' use of the Taco Feliz designation is particularly confusing because Defendants' Taco Feliz Mexican restaurant is based in the Philadelphia area, within 2 miles of Cantina Feliz, 12 miles of Taqueria Feliz, and 18 miles of La Calaca Feliz.

93.    Defendants' use of the confusing Taco Feliz designation is willful and intended to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' Taco Feliz restaurant.  Consumers are likely to wrongly believe that Feliz Restaurants is the source of Defendants' Taco Feliz restaurant, Defendants' Taco Feliz restaurant is sponsored, approved or licensed by Feliz Restaurants, and/or Defendants are in some way affiliated with Feliz Restaurants.

94.    Feliz Restaurants is being irreparably harmed by such acts, including through its loss of the ability to control its trademarks, reputation and goodwill, loss of goodwill and reputation with consumers, and through association with an inferior restaurant.  Such harm will continue unless Defendants' acts are enjoined.

95.    Feliz Restaurants has no adequate remedy at law, and is entitled to injunctive relief.

96.    As a result of Defendants' actions, Feliz Restaurants will suffer lost sales and money damages in an amount to be determined at trial as a result of, *inter alia*, Feliz Restaurants' loss of customers who are confused by the Taco Feliz designation.

19

## PRAYER FOR RELIEF

**WHEREFORE**, Feliz Restaurants respectfully prays the Court for the following relief:

A.    That Defendants, including their subsidiaries, affiliates, officers, directors, employees and all others acting in concert with each an all of them, be preliminarily and permanently enjoined from:

      1.    Using the Taco Feliz designation (or any similar designation) in connection with providing restaurant services;

      2.    Otherwise infringing on any of Feliz Restaurants' intellectual property rights, or otherwise competing unfairly with Feliz Restaurant.

B.    That Defendants, including their subsidiaries, affiliates, officers, directors, employees and all others participating in Defendants' promotion, marketing, or advertising activities, be directed to deliver up and surrender within 15 days of judgment herein all promotional, marketing and advertising materials reflecting the Taco Feliz or any similar designation;

C.    That Defendants be ordered to make all reasonable efforts to retrieve all infringing marketing materials ordered or distributed by them;

D.    That Defendants account to Feliz Restaurants for any and all profits and advantages derived by them from using the Taco Feliz designation;

E.    That Feliz Restaurants be awarded compensatory and consequential damages in an amount to be determined at trial;

F.    That Feliz Restaurants be awarded treble damages on the first counts of this complaint pursuant to 15 U.S.C. § 1117(a) by virtue of Defendants' willful conduct;

G.    That Defendants be ordered to pay Feliz Restaurants' costs of this suit, including

reasonable attorney fees; and

H.      That Feliz Restaurants be awarded such other and further relief as this Court may

deem just, proper and equitable.

## **DEMAND FOR TRIAL BY JURY**

Feliz Restaurants respectfully requests a trial by jury on all issues, claims, and causes of

action appropriately tried to a jury.

Respectfully submitted,

Dated: May 14, 2013              By: _____

Robert A. Magnanini (Bar No. 70630)
Jason C. Spiro (*pro hac vice* pending)
Stone & Magnanini LLP
150 John F. Kennedy Parkway, 4th Floor
Short Hills, NJ  07078
(973) 218-1111

**VERIFICATION**

STATE OF PENNSYLVANIA        )
                                       ) ss.

COUNTY OF _____            )


       Brian Sirhal, being first duly sworn upon his oath, deposes and states that he has read and reviewed the foregoing Verified Complaint, and that, as to all factual allegations contained therein, those facts are true and correct according to his own knowledge, or he has been informed as to those facts not within his personal knowledge, that they are true and correct, and that, based thereon, he believes them to be true.


                                                  _____
                                                      Brian Sirhal


SUBSCRIBED and SWORN to before me this 14 day of May, 2013.


_____
Notary Public

                                              ┌──────────────────────────────────┐
                                              │ COMMONWEALTH OF PENNSYLVANIA │
                                              │ NOTARIAL SEAL │
                                              │ KELLY MARIE MOLESKI, Notary Public │
                                              │ Horsham Twp., Montgomery County │
                                              │ My Commission Expires October 13, 2015 │
                                              └──────────────────────────────────┘


My Commission Expires:

October 13, 2015

# EXHIBIT A

## Trademark/Service Mark Application, Principal Register

## To the Commissioner for Trademarks:

**MARK:** CANTINA FELIZ (Standard Characters, see mark)
The literal element of the mark consists of CANTINA FELIZ.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicants, Timothy Spinner, a citizen of United States, having an address of
    4101 Pilgrim Road
    Plymouth Meeting, Pennsylvania 19462
    United States

Brian Sirhal, a citizen of United States, having an address of
    3051 Kerper Road
    Lafayette Hill, Pennsylvania 19444
    United States

request registration of the trademark/service mark identified above in the United States Patent and
Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section
1051 et seq.), as amended, for the following:

    International Class 043:  Restaurant, catering and bar services

In International Class 043, the mark was first used by the applicant or the applicant's related company or
licensee or predecessor in interest at least as early as 01/31/2011, and first used in commerce at least as
early as 01/31/2011, and is now in use in such commerce. The applicants are submitting one(or more)
specimen(s) showing the mark as used in commerce on or in connection with any item in the class of
listed goods and/or services, consisting of a(n) Specimen.
Specimen-1 [SPE0-3819534170-163326804_._Specimen_-_Cantina_Feliz.pdf ]
Specimen-2 [SPE0-3819534170-163326804_._Catering_cantina_feliz.pdf ]

The applicant's current Attorney Information:
    Selena M. Spritz and John F. Flannery, James J. Schumann, Timothy E. Levstik, Joseph E. Shipley,
Joseph T. Nabor, Steven C. Schroer, Karl R. Fink, Mark W. Hetzler, Timothy P. Maloney, Stephen S.
Favakeh, Richard E. Wawrzyniak, Steven G. Parmelee, Thomas F. Lebens, Kendrew H. Colton, Scott J.
Menghini, Rudy Kratz, Gary D. Mann, Edward E. Clair, John E. Lyhus, Jon A. Birmingham, Steven M.
Freeland, Mark A. Borsos, Timothy R. Baumann, Jeffrey A. Chelstrom, Nicholas T. Peters, Christine A.
Pompa, Alisa C. Simmons, Edward W. Gray, Jr., Sherri N. Blount, Selena M. Spritz, John M. Naber of
Fitch Even Tabin & Flannery LLP

    Suite 1600
    120 S. LaSalle Street
    Chicago, Illinois 60603-3406
    United States

The applicant's current Correspondence Information:

Selena M. Spritz

Fitch Even Tabin & Flannery LLP

Suite 1600

120 S. LaSalle Street

Chicago, Illinois 60603-3406

312-577-7000(phone)

312-577-7007(fax)

trademark@fitcheven.com;sspritz@fitcheven.com (authorized)

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

## Declaration Signature

Signature: Not Provided    Date: Not Provided
Signatory's Name: Not Provided
Signatory's Position: Not Provided

Back